# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS MCKINLEY,** : | |
| Petitioner : | |
| : | No. 1:21-cv-1338 |
| v. : | |
| : | (Judge Rambo) |
| **BOBBY JOE SOLOMAN**, *et al.*, : | |
| Respondents : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Thomas McKinley ("McKinley")'s petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the petition will be dismissed with prejudice.

**I. Background and Procedural History**

On February 11, 2019, McKinley pleaded guilty to narcotics charges in the Dauphin County Court of Common Pleas and was sentenced to a term of imprisonment. *See Commonwealth v. McKinley*, No. CP-22-CR-0004845-2018.[1] McKinley did not file a direct appeal of his conviction to the Pennsylvania Superior Court. (*Id.*) On February 5, 2021, McKinley filed a petition for relief with the state trial court under Pennsylvania's Post Conviction Relief Act ("PCRA"). (*Id.*) His petition was dismissed as untimely on May 19, 2021. (*Id.*; Doc. No. 1.)

---

[1] The court may consider the Dauphin County docket sheet because it is a matter of public record.

McKinley filed the instant petition on June 14, 2021, asserting that he received an unconstitutional sentence under both the Pennsylvania and United States Constitutions. (Doc. No. 1.) McKinley acknowledges that his petition was filed outside of the one-year limitations period applicable to habeas corpus petitions under 28 U.S.C. § 2254, but argues that the untimeliness should be excused because of "newly discovered evidence that the sentence is unlawful and unconstitutional." (*Id.* at 17.) He also argues that the limitations period was tolled during the pendency of his PCRA petition. (*Id.*)

**II. Discussion**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  *Id.* ¶ 2244(d)(2).  PCRA petitions that are dismissed as untimely are not "properly filed" and do not toll the limitations period.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner.  *See id.* at 418; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

In this case, the one-year limitations period began to run on March 13, 2019, when the time for McKinley to file a direct appeal to the Pennsylvania Superior Court expired.[2]  *See* Pa. R. App. P. 903.  Thus, McKinley had one year from that date, or until March 13, 2020, to file his petition.  His petition, which was not filed until June 2021, is facially untimely.

McKinley raises two arguments as to why his petition should not be dismissed as untimely, neither of which has merit.  First, he argues that the limitations period

---

[2] None of the other triggering events listed under 28 U.S.C. § 2244(d)(1) are applicable in this case.

3

should be equitably tolled because of "newly discovered evidence" that his sentence is unconstitutional.

The equitable tolling doctrine allows a district court to toll the one-year limitations period when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in [the] way and prevented timely filing" of the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). The doctrine is appropriately applied when "principles of equity would make the rigid application of a limitation period unfair." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). Courts, however, should be sparing in their use of the doctrine. *Id.* (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). Additionally, the petitioner bears the burden of showing that he is entitled to benefit from equitable tolling. *Pace*, 544 U.S. at 418.

Here, the purportedly newly discovered evidence on which McKinley relies is an unnamed 2013 case from the Pennsylvania Superior Court. (*See* Doc. No. 1 at 6.) McKinley does not explain why he failed to discover the existence of this case until 2021 or why the court should find that he was diligently pursuing his rights given that failure. Accordingly, the court will not apply the equitable tolling doctrine in this case.

McKinley also argues that the limitations period was tolled during the pendency of his PCRA petition. This is incorrect. PCRA petitions that are dismissed as untimely are not "properly filed" and do not toll the limitations period. *Pace*, 544 U.S. at 417.

Accordingly, because McKinley's petition was filed outside of the one-year limitations period established by 28 U.S.C. § 2244(d)(1) and McKinley has not shown any reason that the untimeliness should be excused, the court will dismiss the petition with prejudice as untimely. No certificate of appealability shall issue because no jurist of reason would find this conclusion debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. Conclusion

For the foregoing reasons, McKinley's petition for writ of habeas corpus is dismissed with prejudice. An appropriate order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: August 27, 2021